ANGELO, Respondent, vs. ANGELO, Appellant.

*September 13—October 12, 1948.*

For the appellant there were briefs by *Hilbert W. Dahms* of
Oconomowoc, attorney, and *G. Arthur Johnson* of Ashland of
counsel, and oral argument by *Mr. Dahms.*

For the respondent the cause was submitted on the brief of *Warren B. Foster* of Ashland.

WICKHEM, J.  On February 17, 1936, defendant obtained a judgment of divorce from bed and board from plaintiff in the county court of Waukesha county.  On September 11, 1945, plaintiff commenced an action for an absolute divorce alleging a voluntary separation since February 17, 1936, the date when defendant was granted a decree of divorce from bed and board. Defendant answered traversing the essential allegations of the complaint.  Through circumstances which need not be detailed here, but which defendant contends amount to mistake, inadvertence, surprise, or excusable neglect, defendant made no appearance when the case was called for trial and a judgment of divorce was entered on December 3, 1946.  Within a year thereafter defendant moved to set aside the default judgment and to permit her to defend the action upon its merits. This application was heard on June 19, 1947, and the order appealed from was entered on August 13, 1947.  It reads as follows:

"It is ordered, That a hearing be had on the merits of the complaint upon which the judgment was entered, and the answer of the defendant, principally on the question of whether or not alleged request for reconciliation of the parties and resumption of marital relations had been made in good faith after the judgment for divorce from bed and board forever was entered between the parties on February 17, 1936.

"It is ordered, further, That the judgment for divorce entered in this court on December 3, 1946, may stand until the hearing herein ordered is terminated, and that a trial be had at Hurley, Wisconsin, as soon as convenient to the parties."

Sec. 247.37 (4), Stats., provides:

". . . such judgment or decree shall become final and conclusive without further proceedings, unless an appeal be pending, or the court, for sufficient cause shown, upon its own motion, or upon the application of a party to the action, shall otherwise order before the expiration of said period. . . ."

The present controversy is generated by the anomalous character of the order in this case. After ordering a hearing on the merits of the complaint upon which the default judgment of divorce was entered and upon the answer of the defendant, which is all the relief that the appellant asks, the court further ordered that the judgment for divorce stand until the termination of the hearing.

The last portion of the order was erroneous. Once the trial court had set down the case for hearing upon the issues made by the complaint and answer in the divorce proceedings it had within the time fixed by sec. 247.37 (4), Stats., granted defendant her relief and opened the default. This had the effect of setting aside the divorce judgment and later portions of the order repugnant to this are of no force and effect. The portion of the order permitting the judgment to stand until trial upon the merits is concluded is appealable because if given effect the court would be without jurisdiction to proceed with a trial upon the merits and defendant's time to appeal would have expired by limitation.

All other contentions in the briefs are beside the issues. Defendant argues that she was entitled to the relief granted by the court but this we do not consider since we hold that the relief was granted. Plaintiff argues that the relief should not be granted but he has neither cross-appealed nor moved to review and has no standing to make these contentions.

It follows that the judgment must be reversed, and the cause remanded with directions to the trial court to vacate the portion of its order that requires the judgment for divorce to stand until termination of the new trial ordered by the court.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.